PLANT INV. CO. v. COOK.

(Circuit Court of Appeals, Fifth Circuit. February 15, 1898.)

No. 609.

NEGLIGENCE IN CARE OF WHARF—USE BY PASSENGERS—CONTRIBUTORY NEGLIGENCE.

Plaintiff was injured by falling while descending a slippery incline at defendant's wharf or dock. For the accommodation and safety of passengers, this incline was provided with a rough gang plank, and also with a row of cleats, reaching from the top down to the boat, which plaintiff intended to board. Plaintiff noticed these arrangements, but chose to walk between them, where she testified it looked slippery and dangerous. *Held* contributory negligence.

In Error to the Circuit Court of the United States for the Southern District of Florida.

S. M. Sparkman and T. B. Sparkman, for plaintiff in error.

Thomas M. Shackelford and N. B. K. Pettingill, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

SWAYNE, District Judge. The following statement of the case by plaintiff in error is correct: The defendant in error, a citizen of the state of Illinois, sued the plaintiff in error, a corporation existing under the laws of the state of Connecticut, claiming damages to the amount of $15,000 for personal injuries received while passing over plaintiff's wharf at Port Tampa, Fla., in going from the cars to the boat, at half past 7 o'clock on the morning of the 26th of February, 1891. In the first count of her declaration she alleged, substantially, that the Plant Investment Company was in full and unrestricted possession and control of certain wharves within the county of Hillsboro and state of Florida, known as the "Port Tampa Docks," and kept the same open for use of passengers and the traveling public to and from the steamers of the Plant Steamship Line, one of the said steamers being known as the "Kissimmee," and being a common carrier of passengers between Port Tampa docks and the town of St. Petersburg, also in the county of Hillsboro; that on or about the 26th day of February, 1891, the plaintiff, while in the act of walking along the said Port Tampa dock, at or near the landing place or slip used by the said steamer Kissimmee, for the purpose of boarding said steamer, slipped and fell by reason of the presence of cotton-seed meal, which the defendant corporation had negligently allowed to accumulate on said slip and to become saturated with water; that she fell heavily on her side, dislocating and otherwise injuring her left ankle, so that for many weeks she was unable to walk or attend to her business; that she suffered great pain, prostration of health, and incurred large expense in nurses and medical attendance; that she had not then recovered, and would always be lame and incapacitated to care for and support herself by reason of said injury. The second count was in all respects like the first, except that the plaintiff alleged that the

injury was caused by some slippery substance, without specifying the kind, which the defendant corporation had allowed to accumulate on said dock. Afterwards defendant below interposed three pleas to said declaration, as follows: First, that defendant was not guilty; second, that the injury was not caused by the negligence of the defendant, but by that of the plaintiff; third, that the injury of the plaintiff was caused by the contributory negligence of the plaintiff. On these pleas issue was joined, and the case came on for trial at the February term of the United States court for the Southern district of Florida, on the 18th day of said month, A. D. 1895, which resulted in a verdict for the plaintiff in the sum of $9,500. The case was then brought to this court on writ of error, reversed, and remanded for another trial in the court below on the 19th day of September, 1896. The cause then coming on for a new trial on said mandate from this court on the 18th day of March, A. D. 1897, a verdict was thereupon rendered for the plaintiff below for the sum of $2,500.

The record contains 43 assignments of error, but, in the view the court takes of the case, it is only necessary to consider the thirtieth, which is as follows: "The defendant's attorneys request the court to instruct the jury to find a verdict for the defendant,"—which the court refused, and to which the defendant below excepts and assigns as error. Under the second and third pleas, raising the question of negligence of the plaintiff below, we think the request embodied in the thirtieth assignment of error should have been given. While on the first trial the plaintiff below testified as follows: "Just before I got to the gang plank my foot turned, and I fell heavily,"—on the second trial she testified, "On my way to the steamer I slipped and fell, and my slipping was the cause of my falling." Whatever may have been the cause of this material change in the statement of the plaintiff below, it has simplified the question raised by the defendant's second and third pleas. It is fully established by all the testimony in the case that the "slip" over which the defendant in error was walking when injured was provided with arrangements to prevent slipping. A long gang plank, with rough surface, for the safety and accommodation of passengers, reached from the top of the incline almost to the plank that connected it with the boat, and, while there were one or two witnesses who testified they did not see the row of cleats leading from the top of the incline down to the boat, yet other witnesses for the plaintiff below did see them, and it was established that such a row of cleats existed. Both of these contrivances were upon the wharf of the plaintiff in error, some few feet apart, and it needed no special direction to inform the passengers that they were the safer and better ways down the incline, when the other part of it looked dark and slippery. The plaintiff below testified as follows: "I observed that the dock was wet, and looked slippery. My mother also warned me of it, and said that we should be careful, that it looked wet and slippery; and I should say it was slippery and dangerous." And notwithstanding this she deliberately chose the place between the gang plank and cleats, that looked wet and slippery, and was dangerous, against the advice of her mother, instead of walking upon either of the two places provided for the safety and security of passengers. Unquestionably these facts established by

the evidence of plaintiff below convict her of negligence. We may properly presume that, had she walked down the incline to the boat, either over the cleats, or on the large rough gang plank, she would not have slipped and fallen; but, instead of doing so, she disregarded both of these provisions, declining to avail herself of the protection placed there for her by the defendant below, and deliberately went upon the part of the dock which she and her mother both declared was slippery, and slipped and fell, and was injured. There can be no dispute about these facts, and there is no question but that they make a case of negligence against the plaintiff below that prevents recovery.

It is certainly well established, and should be thoroughly understood, that passengers cannot willfully disregard the measures provided by transportation companies for their protection and safety, and deliberately go between and past them, onto slippery and dangerous places, and thus cause their injury, and then recover damages. If this were possible, it would be difficult to conceive of a condition where the company would not be liable for accident under any circumstances, regardless of the amount of care they might take. There was a mere scintilla of evidence as to the presence of the cotton-seed meal on the wharf, but there was no evidence of any on the large gang plank, or on that part of it occupied by the cleats; but, in view of the established negligence of the plaintiff below, this and other questions raised are not discussed. The judgment of the circuit court is reversed, with instructions to grant a new trial.